**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000969
07-JAN-2015
09:32 AM**

NO. CAAP-14-0000969

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROMULO SANTIAGO PINLAC and CRISTINA OCAMPO PINLAC,
Plaintiffs-Appellants,
v.
THE BANK OF NEW YORK MELLON
fka THE BANK OF NEW YORK, as Trustee
for the Certificateholders CWALT, Inc.,
Alternative Loan Trust 2006-33CB, Mortgage Pass-Through
Certificates, Series 2006-33 CB, Kapolei Realty, Inc.,
LEALANI M. CHONG, Defendants-Appellees,
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2941)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over this appeal that Plaintiffs-Appellants Romulo Santiago Pinlac and Cristina Ocampo Pinlac (the Pinlac Appellants), have asserted from the April 9, 2014 dismissal order and June 20, 2014 order denying the Pinlac Appellants' motion for reconsideration of the April 9, 2014 dismissal order entered in the Circuit Court of the First Circuit in the instant case, because the circuit court has not yet reduced these two interlocutory orders to a separate final

judgment that resolves all claims, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013) requires under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for a judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record

is filed in the supreme court will be dismissed." Id. (original emphasis).

On September 10, 2014, the circuit court clerk filed the record on appeal for appellate court case number CAAP-14-0000969, which does not contain a separate final judgment. Absent a separate final judgment, the Pinlac Appellants' appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-14-0000969. The parties will have an opportunity to obtain appellate review of the April 9, 2014 dismissal order and June 20, 2014 order denying the Pinlac Appellants' motion for reconsideration when and if the circuit court enters a separate final judgment that, on its face, resolves all claims against all parties, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000969 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **January 7, 2015.**

Presiding Judge

Associate Judge

Associate Judge

-3-